**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH CALLOWAY et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MILITARY RECRUITING OFFICE et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No.: 3:14-cv-00126-RCJ-VPC

**ORDER**

Plaintiffs Joseph Calloway and Calloway Carpet Cleaning sued Sergeant Castaldo[1] and the Military Recruiting Office at 2525 Mountain City Highway in Elko, Nevada for failure to pay $748 for cleaning services. (*See* Aff. Compl., Jan. 22, 2014, ECF No. 1-1).  The United States removed pursuant to 28 U.S.C. § 1442 and has moved to dismiss for sovereign immunity, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim.  Plaintiffs have not timely responded, despite having been given a *Klingele* notice.

The Court agrees that Plaintiff has identified no statute authorizing suit against the United States, and that the United States is therefore immune. *See Lehman v. Nakshian*, 435 U.S. 156, 160 (1981).  The Court rejects the argument that it should dismiss under the derivative

---

1 Sergeant Castaldo's first name and branch of service are not alleged.

jurisdiction doctrine, i.e., that this Court lacks subject matter jurisdiction because the state court lacked subject matter jurisdiction.  The doctrine is sound, but if this Court lacks subject matter jurisdiction in a removed action it must remand, not dismiss. *See* 28 U.S.C. § 1447(c).  A dismissal based upon an alleged defect in the state court's jurisdiction would in substance amount to an impermissible injunction of a state court action. *See id.* § 2283.  And it is not clear the state court lacked subject matter jurisdiction, in any case.  The United States would be immune in state court, and Plaintiffs may be barred for failure to exhaust administrative remedies, but subject matter jurisdiction is a distinct doctrine.  The Elko Township Justice Court has subject matter jurisdiction over civil claims for $10,000 or less. *See* Nev. Rev. Stat. § 4.370(1)(a).  The doctrines of subject matter jurisdiction, personal jurisdiction, and sovereign immunity are normally distinct. *See  Corzo v. Banco Cent. de Reserva del Peru*, 243 F.3d 519, 522 (9th Cir. 2001).  If the state court had lacked subject matter jurisdiction altogether, removal would have been improper, and the Court would have to remand for the United States to make its arguments to the state court.  The Court has subject matter jurisdiction and dismisses because the United States is immune.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge